[The Columbus Water Works Co. v. Long *et al.*]

# The Columbus Water Works Co. *v.* Long *et al.*

## Proceedings in Probate Court for Condemnation.

1. *Condemnation; when act authorizing void.*—It is well settled that when an act authorizes a taking, and a private use is combined with a public use in such a way that the two cannot be separated—as where an act provided for the erection by a city of a dam across a river, either for the purpose of water works, or for the purpose of leasing the water for private use; or as where an act authorized the taking of property for grist mills, saw mills and paper mills jointly, grist mills being under the statute public mills, and saw and paper mills not—the act is void.

2. *Eminent domain; exercise of the power in favor of foreign corporation.*—The legislature of a sovereign State is not restrained in the exercise of its power of eminent domain except by restrictions found in the constitution; and there is nothing in that instrument which forbids its exercise in favor of a foreign corporation or a non-resident for public use in this State. It seems to be an admitted fact generally, that the power inheres in a State for domestic uses only, to be exercised for the benefit of its own people, and cannot be extended merely to promote the public uses of a foreign State, yet this doctrine has never been carried so far as to deprive a State of the capacity of empowering a foreign corporation from taking lands for public use to be carried out within its own borders. It is not the instrumentality employed for operating the public use, but the use itself that satisfies the constitution.

3. *Same; not denied because used in connection with public uses in another State.*—The right of eminent domain is not to be denied where public uses are to be subserved in the State granting condemnation, because in connection therewith public uses in another State may likewise be promoted.

4. *Petition for condemnation; what sufficient.*—The averments in a petition for condemnation by a water works company that "in order to prevent the source of its water supply from being polluted, it is necessary for it to acquire title, ownership and control to the land hereinafter described and further that the purpose and use for which the land sought to be condemned

[The Columbus Water Works Co. v. Long *et al.*]

are for watershed for its reservoir so as to prevent the pollution of its source of water supply; that petitioner has endeavored to acquire title, ownership and control of said lands by purchase from the owners thereof, but that petitioner and the owners cannot agree as to the price to be paid for said lands," are, as to these matters, as full as the statute requires.

APPEAL from the Probate Court of Lee.

Tried before the Hon. W. C. ROBINSON.

The Columbus Water Works Company filed an application in the probate court of Lee county to condemn certain lands. The petition was in conformity to the statutes of this State. Demurrers were filed to the petition on various grounds but mainly because the petitioner was a foreign corporation, and because public uses in another State, as shown by the petition, would be subserved by granting the petition and condemnation of the land. The demurrers were sustained. The cause is here reversed.

BARNES & DUKE, for appellant.—(1). The manner in which the right of eminent domain shall be exercised rests in the sound discretion of the legislature.—Am. & En. Ency., 1 Ed., Vo. 6, p. 517; matter of Townsend, 39 N. Y. 171, Mill on Eminent Domain, Sec. 13. (2). There is no constitutional inhibition on the legislature; and the petition is in the exact language of the statute.

HOUSTON & POWER and SAMFORD & SON, *contra.*—As a general rule a corporation has no legal existence out of the sovereignty which created it; the right of foreign corporations to do business in this State is confined to private business corporations and not to those of a *quasi* public character. The privilege does not authorize the exercise of the power of eminent domain.—Code, Sec. 1712. The Act of February, 1897, conferring the power on any corporation does not repeal this section of the Code and hence it must mean any domestic corporation. Besides the Act does not confer the right on corporations supplying water for the public to the inhabitants of this State and other States. This State cannot con-

demn private property for the use of the citizens of Georgia.—Randolph on Em. Dom., Sec. 33; *Sadler v. Langham,* 34 Ala. 311; *Trombley v .Humphrey,* 23 Mich. 471.

HARALSON, J.—The legal principles involved in this appeal may be briefly stated.

The Constitution provides, that "private property shall not be taken or applied for public use, unless just compensation be first made therefor; nor shall private property be taken for private use, or for the use of corporations other than municipal, without the consent of the owner," with an exception for right of way that has no application here.—Const. Art. 1, § 24.

It is well settled, that when an act authorizes a taking, and a private use is combined with a public use in such a way that the two cannot be separated,—as where an act provided for the erection by a city of a dam across a river, either for the purpose of water works, or for the purpose of leasing the water for private use; or, as where an act authorized the taking of property for grist mills, saw mills and paper mills jointly, grist mills being under the statute public mills, and saw and paper mills not,—the act is void.—*Harding v. Goodlet,* 3 Yerger, 41; *Sadler v. Langham,* 34 Ala. 311; *Att'y Gen'l v. Eau Clare,* 37 Wis. 440; Lewis on Em. Dom. § 206.

Again, the legislature of a sovereign State is not restrained in the exercise of its power of eminent domain by restrictions not found in the Constitution, and there is nothing in that instrument which forbids its exercise in favor of a foreign corporation or a non-resident for public uses in this State.—Lewis on Em. Dom. § 10. It seems to be an admitted fact generally, that the power inheres in a State for domestic uses only, to be exercised for the benefit of its own people, and cannot be extended merely to promote the public uses of a foreign State, yet this doctrine has never been carried so far, as to deprive a State of the capacity of empowering a foreign corporation from taking lands for public uses, to be carried out within its own borders. It is not the instrumentality employed for operating the public use, but the use itself, that satisfies the constitu-

tion. The fact that the use is public and the public may have the privilege of enjoying it, is the controlling principle. Instances illustrative of the principle might be multiplied in which railroads have been constructed in part through or in states other than the state of their incorporation, in whose favor this right has been conferred by the neighboring states. *In the matter of Townsend,* 39 N. Y. 171; 6 Am. & Eng. Ency. Law, 517, n. 3 and 4; Mills on Em. Dom., § § 13, 352; Sedgewick on Cons. & Stat. Law, 122-132; Cooley on Cons. Lim. 662.

It is equally clear, that this right is not to be denied where public uses are to be subserved in the State granting condemnation, because in connection therewith public uses in another state may be likewise promoted. While a state will take care to use this power for the benefit of its own people, it will not refuse to exercise it for such purpose, because the inhabitants of a neighboring state may incidentally partake of the fruits of tis exercise. Such refusal would violate the principles of a just public policy, and the neighborly comity which should exist between states.

The act under which this proceeding was instituted, provides "that any corporation supplying water for the public to the inhabitants of any city, town or village in this state, is hereby authorized to acquire by purchase any lands or interest therein, acquisition of which may be necessary to prevent the source of water from being polluted; and that such corporation if they cannot agree with the owner of the lands or real estate desired to be acquired for this purpose, may file their petition in the probate court in the county in which such lands, or any part thereof, may be situate, setting forth in substance the lands or interest desired to be acquired, and their inability to agree with the owner as to the price thereof." Acts 1896-7, p. 1401, § 1. The second section of the act provides, that the petition must be in writing, verified by oath of the applicant or some agent thereof, with security for the costs of the proceeding; that the petition must set forth the uses or purposes for which the land is to be taken, or interest or easement therein to be acquired, and the name and residence of the owner if known, etc." The remainder of

the enactment relates to the procedure for a complete condemnation thereunder, without reference to any of the general provisions of the Code for condemnation proceedings. The petition follows closely the language of the act. It states the name of the petitioner, a foreign corporation organized under the laws of Georgia, engaged in supplying water to the inhabitants of Phœnix City and Girard in this State, and Columbus in the State of Georgia, and avers that "in order to prevent its source of water supply from being polluted, it is necessary for it to acquire title, ownership and control to the lands hereinafter described, and further, that the use and purpose for which the land sought to be condemned, was for a water shed for its reservoir so as to prevent the pollution of its source of water supply; that petitioner has endeavored to acquire title, ownership and control of said lands by purchase from the owners thereof, but that petitioner and the owners cannot agree as to the price to be paid for said lands." The owners' names, ages and residences are given, and the lands sought to be taken are carefully described, amounting to 10 65-100 acres. It was unnecessary to describe the uses to which the lands were to be applied, and the inability of the plaintiff and defendants to agree, any more definitely than was done. The averments as to these matters were as full as the statute required.

From what has been said, it is manifest the court was in error in sustaining the demurrer to the petition. It was not liable to any of the objections raised to it by demurrer. There is nothing in the cross assignments of error.

Reversed and remanded.