41 So.2d 268

**DRUMMOND v. FRANCK et al.**
**1 Div. 322.**

Supreme Court of Alabama.
May 19, 1949.

Rehearing Denied June 30, 1949.

D. R. Coley, Jr., of Mobile, for appellant.

Johnston, McCall & Johnston, of Mobile, for appellees.

LIVINGSTON, Justice.

Complainants in the court below, appellees here, Sadie L. Franck, John S. Bullock and Mary H. Bullock, J. O. DeVaney, Algie F. Williams, Elmore Watson and Bertha L. Odell, instituted this suit in the Circuit Court, in Equity, of Mobile County, Alabama, to enjoin respondents Madison M. Drummond and Susan E. Drummond from further filling in a certain described and alleged alleyway, and to compel the removal of materials already placed in or upon said alleyway, and for damages caused to complainants' property on account of the building up or filling in of said alleyway.

The cause was submitted to the trial court on evidence taken ore tenus, and resulted in a decree dismissing the suit as to Susan E. Drummond and granting the injunctive relief prayed for as against Madison M. Drummond, and assessing against him the damage done to the property of each complainant at $500. This appeal is from that decree.

The property here involved is within the city of Mobile, Alabama, and is located within the block bounded on the north by Spring Hill Avenue, on the east by Herndon Avenue, on the south by Old Shell Road and on the west by Ann Street, all of which streets are paved.

For a better understanding of the opinion, we here insert a map of the property involved, the names of the respective owners indicating their holdings. The map is not drawn to scale. It will be noted that Davis, the owner of lot seven, and Alexander, the owner of lot four, and Shearer, the owner of lot one, are not involved in

this suit. We have indicated the property of Mr. and Mrs. Drummond by dotted lines.

In substance, the bill as amended alleges that, with the exception of Elmore Watson and Bertha L. Odell, complainants' lots are

OLD SHELL ROAD

bounded on the west side by a private alley which has been in existence for more than twenty years; that the alley is fifteen feet wide, and that on the west and east sides of the same there is a ditch leading into a storm sewer at the south end of said alley into which surface water drains from the complainants' land: That complainant Elmore Watson's property is located on the west side of said alley with the east line of said property being on said alley; that surface water drains into the ditch running along said alley and into the storm sewer on Old Shell Road at the *west* end of the same; that complainant Bertha L. Odell's property is located on the west side of the property owned by Elmore Watson: that said respondents in obstructing the natural flow of the surface water from the property of Elmore Watson have caused the same to back up and stand upon the property of Bertha L. Odell; that respondents are the owners of certain property abutting on said alley at the extreme northern end thereof; that respondents on, towit, July 1, 1946, and for several weeks thereafter raised the surface level of said alley and filled up the ditches along the same by dumping dirt, broken plaster and other material in said alley, the effect of which has been to prevent the surface water from draining off the complainants' land and causing the improvements thereon to become flooded from time to time as it rains, and for the surface water to stand upon the same; that on, towit, the 1st day of July, 1946, respondents cut or caused to be cut limbs from the trees of several complainants *extending over* said alley.

The deed from Lula M. Clark and husband, and Mary C. Moore, unmarried, to the Drummonds does not accurately describe their property by metes and bounds. But other than a general insistence that Drummond shows no title to the property claimed by him, no point seems to be made in respect to this misdescription. As to the parties and issues here involved, the misdescription is, we think, immaterial.

As indicated on the map, there is an alley fifteen feet wide leading north from Old Shell Road for a distance of one hundred and fifty feet, and being adjacent to and west of lots one, two and three, and east of the Elmore Watson lot. As also indicated on the map, Drummond owns a strip of land fifteen feet wide and one hundred and twenty feet deep directly north of and adjacent to the alley. Complainants allege, in effect, that this strip of land is an extension of the alley leading north from Old Shell Road for a distance of one hundred and fifty feet, and designated on the map as an alley.

In addition, the Drummonds own an undivided one-third interest in the fifteen foot alley leading north from Old Shell Road and lying directly south of their other property. Insofar as this record shows title to the remaining two-thirds interest in said one hundred and fifty foot alley is in Ida M. Daughdrill and Mary Ann Wilcox, each owning an undivided one-third interest.

The deed to Elmore Watson, describing her lot by metes and bounds, recites, "with full right to use of the alley for a distance of one hundred and fifty feet from Spring Hill Shell Road, north." Spring Hill Shell Road and Old Shell Road are one and the same.

Complainants Sadie L. Franck and John S. Bullock and wife rely on deeds to their respective lots, six and five, which describe said lots with no reference whatever being made to any alley. Complainant DeVaney's lot numbered two is described by metes and bounds as "beginning at a point on the west line of Herndon Avenue 50 northwardly from the northwest corner of Herndon Avenue and Old Shell Road, and running thence northwardly along the west line of Herndon Avenue 50 feet to a point, thence westwardly and parallel with Old Shell Road 108 feet, more or less, to a point on the *east line of an alley,* thence southwardly along the *east line of said alley,* and parallel or nearly so with Herndon Avenue, 50 feet, more or less, to a point, thence eastwardly and parallel with Old Shell Road 108 feet, more or less, to the point of beginning."

The deed conveying lot three to Williams describes said lot, with respect to the alley, the same as does the deed conveying lot

two to DeVaney. The deed conveying Bertha L. Odell's lot to her does not mention the alley.

Drummond traces title to the property designated on the map as his, and enclosed within the dotted lines, to one Hall who owned it in 1896. No where in Drummond's chain of title is any reference made to an alley other than the alley fifteen feet wide extending north from Old Shell Road for a distance of one hundred and fifty feet. Title to the nine lots to the west of and fronting on Herndon Avenue, and Drummond's property lying to the west of said lots, is not derived from the same source. A map or plat, including the nine lots on Herndon Avenue, was recorded in the Probate Office of Mobile County on September 15, 1894. With the exception of lot eight, the Drummond, Odell and Watson property was not included in this map or plat, and no alley is shown thereon.

Other than complainant Elmore Watson, who has the "full right to use of the alley for a distance of one hundred and fifty feet from said Spring Hill Shell Road, north," complainants have no record right, title or interest in or to the alley, and none of the complainants have any right, title or interest in or to any of the property designated on the map as to the Drummond property, unless they have acquired such right, title or interest by prescription.

Viewed in its most favorable light, the testimony shows that complainants and their predecessors in title have for forty or fifty years, in common with the owners of the fee, used the alley and the lands owned by Drummond in going to and from the rear of their lots. This use consisted of hauling coal, lumber and other things in cars or trucks, and used generally for ingress and egress to their back yards. And in some instances, some of the complainants, or their predecessors in title, have made an effort to keep the way clean.

■ This evidence falls far short of establishing a prescriptive right in the alley and the Drummond lands north of said alley. No claim is made of a dedication to a public use, and a private right of way can-not be created by dedication.

■ Where a right of way or other easement is claimed by a private person or persons by prescription, the use and enjoyment must have been adverse to the owner of the estate upon which the easement is claimed under a claim of right, exclusive, continuous and uninterrupted, and with the active and presumptive knowledge of such owner. And user which is merely permissive or which exists by the sufferance of the owner, and in subordination to, and in recognition of an implied license from him, will not mature into title by prescription, but is revocable at pleasure. Hill v. Wing, 193 Ala. 312, 69 So. 445; Barker v. Mobile Electric Co., 173 Ala. 28, 55 So. 364; Stewart v. White, 128 Ala. 202, 30 So. 526, 55 L.R.A. 211.

We are clear to the conclusion that the use which complainants or their predecessors in title have made of the alley or the Drummond lands to the north of the alley was not adverse to the title, claim or use of the respondent Drummond, or any of his predecessors in title. We think the evidence shows without dispute that the use which complainants and their predecessors in title made of the alley was permissive, either by express permit or by tacit consent. This of course does not apply to the use by Elmore Watson of the alley extending north from Old Shell Road for a distance of one hundred and fifty feet. The record shows that she has an easement in said alley.

■ Town or city lots are, because of artificial conditions created or to be created, excepted from the general rule that makes land legally servient to the natural flowage of unchanneled waters, and structural changes from natural conditions wrought by the owner of such lower lot is such an improvement of such urban property as enjoys the protection and sanction of this exception in favor of the improvement of urban property whereby the natural flowage of unchanneled surface water may be deflected or prevented without legal wrong to the other proprietors. Shahan v. Brown, 179 Ala. 425, 60 So. 891, 43 L.R.A.,N.S., 792.

■ Clear enough, complainants' allegations and proof concern rainfall only,

and a ditch on the west side of the alley and a depression on the east side thereof, for the flowage of such rainfall—a character of flow which does not at all rise to the dignity of a defined, distinct stream, to which attaches rights and rules not applicable to waters not caused by rainfall. Shahan v. Brown, supra.

We are clear to the conclusion that none of the complainants, with the exception of Elmore Watson, have any cause for complaint against Drummond for the building up of his own property, including the one hundred and fifty foot alley leading north from Old Shell Road, and in which Drummond owns an undivided one-third interest, with the right of its use.

Elmore Watson has the full right to the use of the alley for a distance of one hundred and fifty feet from said Spring Hill Shell Road, north, together with the right to have her property abutting said alley drained by the ditch along the west side of said alley.

Although we have the right to render the judgment which the trial court ought to have rendered—in respect to the damage done the property of Elmore Watson, the proof is not clear as to where the water was made to stand on her property by the activities of Drummond—whether it was along the alley or in the rear of her lot beyond the alley. In other words, Elmore Watson has the right to keep the ditch open on the west side of the alley for a distance of one hundred and fifty feet north from Old Shell Road, together with the right to keep the storm sewer open at the south end of the alley. She is entitled to recover any damage caused to her property by the violation of these rights.

For aught that appears from the bill, the limbs cut from the trees of some of the complainants were limbs over-hanging respondents' property and he had a right to remove them. Moreover, it does not appear that this item was really considered by the trial court in assessing damages against respondent.

The decree of the trial court is sustained to the extent that it requires Drummond to remove all dirt, plaster, brickbats and other material placed by him or those authorized by him in the ditch on the west side of the alley for a distance of one hundred and fifty feet north from Old Shell Road, and to unstop the drain leading to the storm sewer at the south end of said alley, and restraining him from placing anything in said ditch or drain which will prevent the flow of rain water from the property of Elmore Watson through said ditch or drain.

In all other respects the decree of the lower court is reversed and remanded.

Affirmed in part, and in part reversed and remanded.

BROWN, SIMPSON, and STAKELY, JJ., concur.