116 So.2d 609

**Jean Gillis BURSON et al.**

v.

**H. D. SALIBA et al.**

**4 Div. 2.**

Supreme Court of Alabama.

Jan. 21, 1960

Lee & McInish, Dothan, for appellees.

. W. G. Hardwick, Dothan, for appellants.

LAWSON, Justice.

. This is an appeal from a decree of the Circuit Court of Houston County, in Equity, sustaining demurrer to a substituted bill in equity.

Jean Burson is the owner of a lot in the City of Dothan on which she constructed a building. She leased the lot and building, together with a vacant lot, to her husband, Dr. E. G. Burson, who has since used the property as the Burson Clinic.

H. D. and J. D. Saliba own a lot or lots adjacent to the Burson lots. The Saliba property is lower than the Burson property.

The Salibas constructed a building on their property. They also built a retaining wall about three feet high "along the dividing line" between their property and the Burson property.

In this proceeding the Bursons seek a mandatory injunction requiring the Salibas and Peanut Grocery Company, a corporation, to remove the retaining wall and so

much of the Saliba building as obstructs the natural flow of surface rain water from the higher Burson property across the lower Saliba property. The Bursons also pray for damages.

The reason why Peanut Grocery Company is made a party to this proceeding does not appear in the substituted bill.

We are concerned only with the action of the trial court in sustaining the demurrer interposed by the Salibas.

When this bill is construed most strongly against the complainants, as it must be on demurrer, it shows that the Salibas, the lower proprietors, have constructed on their own property, along the line which divides their property from the Burson property, a building and a retaining wall in such a way that the natural drainage of rain water is impeded and instead of flowing away from the Burson property across the Saliba property, in a drainage ditch, as it had been accustomed to flowing, the rain water was caused to accumulate on the Burson property.

Such averments are not sufficient to warrant the relief for which the complainants pray.

■ The result of our decisions is that the lower proprietor in an incorporated town or city can build a wall or other obstruction on his property extending to the line between it and higher property and thereby prevent water from passing from the higher property over his property, although that is the only way in which the surface water can pass. This is so simply because the area happens to be incorporated in a town or city. Kay-Noojin Development Co. v. Hackett, 253 Ala. 588, 45 So.2d 792; Drummond v. Franck, 252 Ala. 474, 41 So.2d 268; Shanan v. Brown, 179 Ala. 425, 60 So. 891, 43 L.R.A.,N.S.,

792; Hall v. Rising, 141 Ala. 431, 37 So. 586.

■ The averments of the bill are to the effect that rainfall only flowed in the obstructed drainage ditch, "a character of flow that does not at all rise to the dignity of a defined, distinct stream, to which the law attaches rights and rules not applicable to waters caused by rainfall." Shanan v. Brown, supra [179 Ala. 425, 60 So. 894]; Drummond v. Franck, supra.

■ The averments of the bill to the effect that the wall was negligently constructed are of no aid to the complainants where, as here, the bill must be construed as showing only that the construction of the wall blocked the flow of surface waters from the Burson property onto the lower Saliba property and caused such water to accumulate on the Burson property. The bill does not show that the wall was so constructed as to precipitate on the Burson property water that otherwise would not have flowed on that property.

The bill does not show a breach of any duty which the respondents owed the complainants. Shanan v. Brown, supra. If there is no duty there can be no actionable negligence. Tennessee Coal, Iron & R. Co. v. Smith, 171 Ala. 251, 55 So. 170.

We do not consider our holding here to run counter to any express holding in Ex parte Tennessee Coal, Iron & R. Co., 206 Ala. 403, 90 So. 876. See Hall v. Rising, supra; Shanan v. Brown, supra; Drummond v. Franck, supra.

The decree of the trial court is affirmed.

Affirmed.

LIVINGSTON, C. J., and STAKELY and MERRILL, JJ., concur.