297 So.2d 364

**R. E. HENDRIX et al.**

v.

**Marion J. CREEL et al.**

**SC 504.**

Supreme Court of Alabama.

July 11, 1974.

Farmer & Herring, Dothan, for appellants.

C. R. Lewis, Dothan, for appellee David R. Bauer.

McCALL, Justice.

The only question on this appeal is whether the trial court erred in sustaining the respondents' demurrer to the appellants' bill of complaint, as last amended.

The bill alleges that the appellants' residence is located in the City of Dothan, an appellee (the City), and is adjacent to or in the vicinity of a parcel of land formerly owned by the appellee Marion J. Creel who sold and conveyed to the appellee David R. Bauer; that before Creel conveyed to Bauer there existed across that parcel for more than twenty years a well defined ditch or watercourse to take care of the natural flow of surface water and other water passing along and adjacent to the property of the appellants and that of other persons in the vicinity; that the appellee City maintained and cleared obstructions from this drainage ditch or watercourse in order to prevent flooding and damage to the property of the appellants and others in the immediate vicinity for a period of over and beyond twenty years; that the City had never acquired an easement in writing to so maintain and clear obstructions from the drainage ditch and watercourse.

Next, the bill alleges that after the appellants' warning not to do so, the appellee Creel, during his ownership of the property, changed the direction and location of said well defined drainage ditch and watercourse across his property; that this caused flooding and damage to the property of the appellants; that the City failed or refused to stop the obstruction and change even though it had knowledge of Creel's intent to cause the obstruction and knowledge of the probable resulting damage to the appellants' property.

The bill further alleges that since the path of the drainage ditch and watercourse had existed for more than twenty years and had been maintained and utilized by the City for the drainage of adjacent properties, the appellants are informed and believe that the City has acquired a drainage easement across said property by prescription; that the City owes a duty to the appellants and other members of the public to provide and maintain proper drainage for those involved who reside within the corporate limits of the City of Dothan; and

that the City should be required to maintain the present drainage ditches or watercourse, or acquire drainage easements and provide and maintain drainage ditches and watercourses in the vicinity of the appellants' property so as to protect them and such other persons against damage to their property which would otherwise result from the overflow of surface water from said drainage ditch and watercourse.

The bill avers no facts to show that the alleged drainage ditch or watercourse was anything more than the natural contour of the land which permitted the periodic natural flow and drainage of surface water across it. The allegations of the bill are not of such character as give rise to the dignity of a defined, distinct stream to which attaches rights and rules not applicable to waters caused by rainfall, Shanan v. Brown, 179 Ala. 425, 60 So. 891; Drummond v. Franck, 252 Ala. 474, 478, 41 So. 2d 268, nor have the appellants presented or argued the case in this posture.[1]

An easement is an interest in land and can be created in only three ways: First, by deed; second, by prescription; and third, by adverse user for the statutory period. Kratchoville v. Cloverleaf Plaza, Inc., 276 Ala. 562, 165 So.2d 112.

It is clear from reading the bill that its allegations are insufficient to support any supposed claim of right in favor of the appellants that the City acquired an easement by prescription across the parcel formerly of Creel. All that the bill alleges in this respect is that the City maintained and cleared obstructions from the drainage ditch or watercourse on Creel's land to prevent flooding and damage to the properties of the appellants and others in the vicinity for a period extending over and beyond twenty years. The City's use or activity about the parcel is not alleged to be adverse to that of Creel or his predecessors in title, but compatible with that use.

For aught appearing the work of clearing the ditch was carried out with the permission of Creel and those through whom he held title either by express permit or tacit consent.

In order for prescription to run, the use and enjoyment of property must be adverse to that of the owner of the estate across which the easement is claimed, and the use must be under a claim of right, exclusive, continuous and uninterrupted. It must be with the active and presumptive knowledge of such owner. User which is merely permissive or which exists by the sufferance of the owner, and in subordination to, and in recognition of an implied license from him, will not mature into title by prescription, but is revocable at pleasure. Drummond v. Franck, 252 Ala. 474, 478, 41 So.2d 268. The ingredients necessary to show prescription are lacking in the bill in this case. The bill does not support a claim of easement by prescription across the lower parcel of land.

The appellants having failed to establish an easement in the City by prescription that would make the property servient to the natural drainage or flow of the unchanneled surface water across it, we pass to the question of whether the appellants have a right otherwise to prevent the lower landowner from impeding the flow of the unchanneled surface water across his lot. The rule in this situation has become well settled and is stated as follows in Winter v. Cain, 279 Ala. 481, 484, 187 So.2d 237, 240:

" 'The result of our decisions is that the lower proprietor in an incorporated town or city can build a wall or other obstruction on his property extending to the line between it and higher property and thereby prevent water from passing from the higher property over his property, although that is the only way in which the surface water can pass. This

1. In this posture, the instant case is distinguishable from our recent case of City of

Mountain Brook v. Beatty (1974), 292 Ala. ——, 295 So.2d 388.

is so simply because the area happens to be incorporated in a town or city. Kay-Noojin Development Co. v. Hackett, 253 Ala. 588, 45 So.2d 792; Drummond v. Franck, 252 Ala. 474, 41 So.2d 268; Shanan v. Brown, 179 Ala. 425, 60 So.2d 891; 43 L.R.A., N.S., 792; Hall v. Rising, 141 Ala. 431, 37 So. 586.' Burson v. Saliba, 270 Ala. 212, 214, 116 So.2d 609." Ex parte Tennessee Coal, Iron & R. R. Co., 206 Ala. 403, 90 So. 876.

The allegations in the bill do not show a right, in the appellants to have the drainage ditch or watercourse carry the flow of surface water across the parcel here in question.

Finally the bill, as last amended, prays that the City be required to provide and maintain proper drainage of surface water from the appellants' property to prevent further flooding and damage to the property of the appellants and other persons which will otherwise result.

 The cities of this state are expressly given the authority to make all needful drainage improvements. Code of Ala., Tit. 37, § 601; Fricke v. City of Guntersville, 251 Ala. 63, 36 So.2d 321. A municipal corporation is liable for damages to a property owner whose property is injured as a result of the construction of such a drainage project. Fricke v. City of Guntersville, 254 Ala. 370, 48 So.2d 420. But, we know of no case in this state, and have been cited to none, wherein a municipality has been required to provide and maintain proper drainage of surface water from a resident's property to prevent flooding and damage to the property. That is a function committed to the municipality which calls for the exercise of governmental discretion. Courts, above all others, are charged with a very sacred duty not to encroach upon the domain of other departments of government under our constitutional system of government. Finch v. State, 271 Ala. 499, 124 So.2d 825.

In Carson Cadillac Corporation v. City of Birmingham, 232 Ala. 312, 167 So. 794, the court said:

"It is well-settled that courts of equity, in the absence of fraud or gross abuse, will not interfere with the exercise of discretion by administrative boards (here the city) in the determination of the necessity and requirements of public accomplishment, much less control the judgment of such boards in respect to matters within the technical field of their duties and powers."

In our opinion the trial court properly sustained the demurrer to the bill. The final decree of that court is therefore affirmed.

Affirmed.

COLEMAN, BLOODWORTH and JONES, JJ., concur.

HEFLIN, C. J., concurs in the result.