Pursuant to a resolution passed by the City Council of the City of Montgomery, condemnation proceedings were begun in *Page 952 
the Probate Court for Montgomery County, Alabama, by the City of Montgomery against the property of William K. and Harold Nicrosi. The purpose of the proceeding was to secure an easement over .388 acres, more or less, for the construction of a concrete-lined drainage channel to help provide adequate surface water drainage in the southeast section of Montgomery known as the Camp Creek Tributary drainage basin. An award was made to the Nicrosis of $5,050 in probate court. The Nicrosis appealed to circuit court. The court granted the right to condemn and a jury trial on the issue of damages resulted in an award of $ 5,870. From judgment entered on the verdict the Nicrosis appealed to this court
The first issue presented is whether the trial court erred in granting the City of Montgomery the right to condemn the property in question
The Nicrosis contend that the primary purpose of the condemnation is for the benefit of private real estate developers and the incidental benefit to be received by the public is not sufficient to permit the use of eminent domain by the municipality. The essential facts are not disputed. Through testimony of experts the record reveals it is generally conceded that the only feasible direction for growth in Montgomery is eastward because of flood plains which bound the city on three sides. As development began in the area north of the Nicrosi property, the flow of surface water increased Existing drainage is not sufficient to handle the additional development, and the most efficient placement of an improved drainage facility would encompass a portion of the Nicrosi property. It is undisputed that the private developers have agreed to reimburse the City for all costs associated with the condemnation. Although the Nicrosis argue that new drainage is sought merely to permit future development, there is evidence in the record to support a finding by the trial court that such measures are needed to alleviate an existing problem
Private property may not be condemned unless it is subjected to a recognized public use, affording benefits which are not vague, indefinite or restrictive. Gralapp v. Mississippi PowerCompany, 280 Ala. 368, 194 So.2d 527 (1967); Harvey v. Warren,212 Ala. 415, 102 So. 899 (1925). "Public use," however, as used in the law of eminent domain, should be given an elastic or liberal meaning. Brammer v. Housing Authority of BirminghamDistrict, 239 Ala. 280, 195 So. 256 (1940). Furthermore, where a legislature has declared a use or purpose to be a public one, its judgment should be respected by the courts. Alabama PowerCompany v. Gulf Power Company, 283 F. 606 (M.D.Ala. 1922). The legislature of this state has made explicit provision for the authority of municipalities to construct and maintain sewers and drains. Section 11-50-50, Code (1975) provides:
 All cities and towns may make all needful provisions for the drainage of such city or town, may construct . . . surface drains, aqueducts and canals and may build and construct underground sewers through private or public property . . ."
Section 11-50-51 provides:
 Cities and towns may acquire, whenever necessary, the requisite rights and easements by condemnation in the manner prescribed by the Constitution and laws of Alabama for the condemnation of lands for public use
Therefore, cities have express authority to make all needful drainage improvements. City of Birmingham v. City of Fairfield,375 So.2d 438 (Ala. 1979); Hendrix v. Creel, 292 Ala. 541,297 So.2d 364 (1974); Fricke v. City of Guntersville, 251 Ala. 63,36 So.2d 321 (1948)
The Nicrosis assert that, although not conclusive, the agreement whereby private developers are to reimburse the City for all costs of condemnation is strong evidence that the primary purpose is to benefit those paying for it. That the expenses incident to condemnation and the award itself are to be paid by private parties is immaterial when the property thus being acquired by the City is to be used for a public benefit, and such an arrangement is not inconsistent with the Constitution or *Page 953 
laws of Alabama. See Alabama Power Company v. Gulf PowerCompany, supra.
On appeal, the right to condemn is to be determined by the court. Gamble v. State, 289 Ala. 131, 266 So.2d 286 (1972);Southern Electric Generating Company v. Leibacher, 269 Ala. 9,110 So.2d 308 (1959). Furthermore, in condemnation cases, the conclusion of the trier of fact is entitled to great weightState v. Central of Georgia R.R., 293 Ala. 675, 309 So.2d 452
(1975). We cannot say that the trial court abused its discretion in allowing condemnation of the Nicrosi property
The second issue presented is whether the trial court erred in granting the City's motion in limine to exclude evidence of the reimbursement agreement in proceedings before a jury on the issue of compensation
In Southern Electric Generating Company v. Leibacher, supra, the court held that evidence of the company's size, ownership, financial worth and money set aside for obtaining the property was entirely irrelevant to the amount of just compensation. The court also found it highly prejudicial for members of the jury to be informed that someone other than the condemning party would have to pay the verdict
The granting of the motion in limine by the trial court was not improper
Finding no error, the judgment of the trial court is affirmed
AFFIRMED
BRADLEY and HOLMES, JJ., concur