SHORES, Justice.
This is an appeal from a condemnation case in which the trial court granted the City of Mobile’s December 1984 petition to condemn property of Peter Palughi for use in a downtown redevelopment project. The petition was granted by the Mobile County Probate Court, and Palughi appealed to the Circuit Court of Mobile County for a trial de novo. In the circuit court, Palughi filed an amended answer, which included numerous affirmative defenses based on alleged “wrongful condemnation”; a compulsory counterclaim against the City; and a third-party complaint against three former city commissioners. The counterclaim and the third-party complaint were based on the same wrongful condemnation theories as Palughi’s affirmative defenses. The case was tried in the circuit court beginning October 20, 1986.
At the close of all the evidence, the trial judge granted the condemnation, and directed verdicts in favor of the three former city commissioners on the third-party complaint. The issue of compensation and the wrongful-condemnation counterclaim were submitted to the jury, and Palughi was awarded $150,000 as compensation. However, the jury could not reach a decision concerning the counterclaim. Consequently, the city filed a motion for judgment notwithstanding the verdict, as to the counterclaim on the ground of res judicata or collateral estoppel, asserting that the court’s decision that the condemnation was lawful barred the jury’s consideration of the wrongful-condemnation counterclaim. This motion was granted, and Palughi appealed.
The first issue raised is whether the trial court erred in ruling that the City of Mobile could lawfully condemn Palughi’s property. Private property may be condemned if it is being taken for a recognized public use, and the owner is compensated for his loss. Nicrosi v. City of Montgom *2 ery, 406 So.2d 951 (Ala.Civ.App.1981). Whether a condemnation is for the public good is a question to be determined by the trial court. § 18-1A-151, Code of Alabama (1975). Therefore, because the Alabama state legislature has recognized downtown redevelopment projects as promoting the public good and the general welfare (see § 24-3-1 et seq.), and because Palughi was awarded $150,000 by the jury as compensation, we hold that the trial court was correct in granting the City’s condemnation petition.
The second issue presented is whether the trial court erred when it entered a judgment notwithstanding the verdict, in favor of the City on Palughi’s counterclaim. This counterclaim was based on the theory that the City’s condemnation of Pa-lughi’s property was unlawful, the same theory upon which Palughi’s unsuccessful affirmative defenses had been based. Consequently, once the court decided, correctly, that the City had the right to condemn, and the jury fixed the compensation award for the taking, there could be no recovery on the counterclaim for wrongful condemnation.
The final issue raised by Palughi is whether the court entered the order of condemnation before it heard all of the evidence. The basis of this argument is an unsigned, uninitialed, entry on the case action summary sheet which indicates that an order of condemnation was entered on October 20, 1986, the first day of the week-long trial. From this, Palughi argues that the court prejudged his case. We disagree.
Upon learning of the October 20 entry on the case action summary sheet, the City filed a motion to correct a clerical mistake in accordance with A.R.Civ.P. 60(a). A hearing was held, and the motion was granted. At the hearing, evidence was presented that the October 20 entry was a mistake, and that it was made as the result of the routine procedure followed by the Mobile County Clerk’s office in condemnation cases, rather than at the instruction of the trial court. Furthermore, the case action summary sheet contains a second order of condemnation, entered October 28, at the close of trial. In contrast to the October 20 order, this October 28 entry was a written order signed by the trial judge.
After reviewing the hearing transcript, we hold that the trial court did not prejudge Palughi’s case, and that the court’s ruling to allow correction of the case action summary sheet was supported by the evidence. Consequently, the trial court’s order of condemnation and the judgment notwithstanding the verdict are due to be affirmed.
AFFIRMED.
TORBERT, C.J., and JONES, ADAMS and STEAGALL, JJ., concur.