INGRAM, Presiding Judge.
Pursuant to a resolution passed by the City of Bayou La Batre (city), condemnation proceedings were begun in the probate court by the city. The city petitioned the court to condemn a strip of land across Rosemary Parrish’s property 11.67 feet wide by approximately 90 feet long, to be used as an easement or right-of-way for the installation of a 30-inch pipeline to be extended into Portersville Bay. The city alleged that the property was necessary for public use as a right-of-way and easement for the construction and maintenance of an industrial outfall line with sufficient capacity to serve the wastewater needs of the seafood industries and to bring the city into compliance with the discharge limitations in the National Pollutant Discharge Elimination System Permit Number AL0022632 (NPDES).
After a hearing, the probate court granted the city’s petition for condemnation. Parrish then appealed the probate court’s decision to the Circuit Court of Mobile County. After cross-motions for summary judgment, the circuit court granted the city’s motion and denied Parrish’s motion. From that order Parrish now appeals to this court. We note that the value of the property in question is not in dispute for appeal purposes.
On appeal, Parrish contends that the trial court erred in granting the city the right to condemn the property. She contends that the primary purpose of the condemnation is for the benefit of BJV, Inc., a private developer, and that the city is, therefore, attempting to use its powers of condemnation in an unconstitutional manner.
This court has previously addressed a similar situation as is present here. Nicrosi v. City of Montgomery, 406 So.2d 951 (Ala.Civ.App.1981). There, we made it clear that
*1100 “[p]rivate property may not be condemned unless it is subjected to a recognized public use, affording benefits which are not vague, indefinite or restrictive. ‘Public use/ however, as used in the law of eminent domain, should be given an elastic or liberal meaning. Furthermore, where a legislature has declared a use or purpose to be a public one, its judgment should be respected by the courts. The legislature of this state has made explicit provision for the authority of municipalities to construct and maintain sewers and drains. Section 11-50-50, Code (1975) provides:
‘All cities and towns may make all needful provisions for the drainage of such city or town, may construct ... surface drains, aqueducts and canals and may build and construct underground sewers through private or public property....’
Section 11-50-51 provides:
‘Cities and towns may acquire, whenever necessary, the requisite rights and easements by condemnation in the manner prescribed by the Constitution and laws of Alabama for the condemnation of lands for public use.’
Therefore, cities have express authority to make all needful drainage improvements.” (Citations omitted.)
Nicrosi, supra, at 952.
Here, the court found that the acquisition of the described property is for public use and that it is necessary that the property be condemned. After a careful review of the record, we agree. We pretermit a detailed summary of the facts. However, we do note that the property involved will be used for the construction of disposal facilities. It appears to this court that such facilities would improve the health standards of the citizens of the community, as well as upgrade the water quality of the navigable streams and Portersville Bay. The fact that a private developer has contracted with the city to finance the construction of the new industrial outfall line is immaterial when the property thus being acquired by the city is to be used for a public benefit. We find that such an arrangement is not inconsistent with the Constitution or the laws of Alabama. See Nicrosi, supra.
Both the probate court and the circuit court held that the acquisition of the property is for public use. Clearly, the right to condemn is to be determined by the courts and their conclusion is entitled to great weight. Nicrosi, supra. Therefore, we cannot say that the trial court abused its discretion in allowing condemnation of Parrish’s property.
We have also examined Parrish’s arguments concerning procedural aspects of the condemnation proceedings and find no reversible error. Therefore, the order of condemnation is to be affirmed.
AFFIRMED.
ROBERTSON and RUSSELL, JJ., concur.