I must respectfully dissent.
The issue in this case is whether the express easement, granted to the Conzelmans by deed, has become a prescriptive easement because of the circumstances surrounding the Conzelmans' use of the easement. Because the Conzelmans' use of the easement in question has been exclusive, uninterrupted, and continuous for more than 25 years, I must conclude that the trial court correctly held the easement to be prescriptive in nature.
This Court has set out the elements of an easement by prescription:
 "[T]he use and enjoyment of property must be adverse to that of the owner of the estate across which the easement is claimed, and the use must be under a claim of right, exclusive, continuous and uninterrupted [and] with the active and presumptive knowledge of [the] owner."
Hendrix v. Creel, 292 Ala. 541, 544, 297 So.2d 364, 366 (1974);Loveman v. Lay, 271 Ala. 385, 124 So.2d 93 (1960); Hill v. Wing,193 Ala. 312, 69 So. 445 (1915); Cotton v. May, 293 Ala. 212,301 So.2d 168 (1974).
The findings of fact indicate that the Conzelmans' have maintained exclusive use of the easement at all times since 1972. This accounts for 25 years of exclusive use by the Conzelmans; this satisfies the 20-year requirement this Court has set in previous decisions. Apley v. Tagert, 584 So.2d 816 (Ala. 1991). Moreover, a gate, which was added by the Conzelmans themselves in 1972, has been in place for more than 25 years. This gate limits the use of the driveway to the Conzelmans and their guests. The easement area has been used for access from Cherokee Road. Aside from its use for access, the area subject to the easement has been landscaped and maintained by the Conzelmans continuously, openly, exclusively, and without interruption for more than 25 years.
Its use for ingress and egress may have been the initial intent of the easement in the deed, but since 1972 the Conzelmans have used and enjoyed the trees and landscaping within the easement area as their own property, and that use and enjoyment have been adverse to Blalock's interests. The Conzelmans' use of the easement property for purposes other than ingress and egress were known to Blalock and were quite obvious to him; he acknowledges that the Conzelmans installed a gate, lampposts, and a mailbox and that the Conzelmans have landscaped and maintained the area since 1972. The Conzelmans' use was adverse to Blalock and his predecessor in title; it was under a claim of right; it was exclusive, continuous, and uninterrupted; and it was with the *Page 8 
actual and presumptive knowledge of Blalock and his predecessor in title.
The Conzelmans' easement may have originated as an easement for ingress and egress only, but over the course of 25 years the Conzelmans acquired an easement by prescription through their actions and through Blalock's response to those actions.
I would affirm the judgment of the circuit court.
Maddox, J., concurs.