759 So.2d 574 (2000)
Ex parte State of Alabama
(In re Shaber Chamond WIMBERLY v. STATE of Alabama.)
1981757.
Supreme Court of Alabama.
January 28, 2000.[*]
Bill Pryor, atty. gen., and Michelle Riley Stephens, asst. atty. gen., for petitioner.
Submitted on petitioner's brief only.
Prior report: Ala.Cr.App., 759 So.2d 568.
LYONS, Justice.
WRIT DENIED.
HOOPER, C.J., and MADDOX, HOUSTON, COOK, SEE, JOHNSTONE, and ENGLAND, JJ., concur.
BROWN, J., dissents.
BROWN, Justice (dissenting).
I respectfully dissent from the order denying the State's petition for certiorari review.
*575 Shaber Chamond Wimberly was convicted of capital murder and was sentenced to death. The Court of Criminal Appeals reversed Wimberly's conviction, based on the police officer's failure to advise him of his rights under Rule 11(B), Ala.R.Juv.P. (the "juvenile Miranda" rights). That court reversed the conviction despite the fact that the officer had advised Wimberly of his rights under Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966). See Wimberly v. State, 759 So.2d 568 (Ala.Crim.App.1999).
The Court of Criminal Appeals' decision was based on Anderson v. State, 729 So.2d 900 (Ala.Crim.App.1998), and Young v. State, 730 So.2d 1251 (Ala.Crim.App.1998). That court wrote:
"We held in Anderson that there was `nothing in the language of [Ala.Code 1975,] § 12-15-34.1 [the statute that enumerates those charges for which juveniles shall be "charged, arrested, and tried as an adult."], to support the state's contention that the rights granted a child pursuant to Rule 11(B) are extinguished by the fact that a child alleged to have committed an offense enumerated in that statute "shall be charged, arrested, and tried as an adult" and automatically subjected to the jurisdiction of the adult system.' [729 So.2d at 903.] The language of § 12-15-34.1 does not divest the child of the protections afforded by Rule 11(B), and it does not change the statutory definition of `child.' Because § 12-15-34.1 does not state that a juvenile loses the right to be treated as a juvenile when an offense is alleged to have been committed, but only when he or she is charged with one of the offenses enumerated in § 12-15-34.1, to hold otherwise, as we noted in Young, would place upon police investigators at an interrogation the burden of deciding whether a child should be afforded the rights guaranteed by Rule 11(B) before any formal decision has been made as to whether the child will be arrested or charged with an offense for which he or she will be tried as an adult. We rely on our rationale in Anderson and Young in holding that Wimberly's custodial statement was improperly admitted in evidence because Wimberly was not informed that he had a right to communicate with his parent or guardian, as provided in Rule 11(B), Ala.R.Juv.P."
759 So.2d at 570.
When I served on the Court of Criminal Appeals, I dissented from the majority's holding in Anderson, see 729 So.2d at 906 (Brown, J., dissenting); Young, 730 So.2d at 1258 (Brown, J., dissenting); and Little v. State, 739 So.2d 539, at 543 (Ala.Crim. App.1998) (Brown, J., dissenting). I dissented because, after examining § 12-15-34.1, Ala.Code 1975, I concluded that the Legislature had intended to withdraw from those persons falling within the purview of that statute all protections traditionally afforded a "child."
"`It is a "well established principle of statutory interpretation that the law favors rational and sensible construction."'" King v. State, 674 So.2d 1381, 1383 (Ala. Crim.App.1995) (quoting 2A Norman J. Singer, Sutherland Statutory Construction § 45.12 (5th ed.1992)). Moreover, "`[t]he courts will not ascribe to the legislature an intent to create an absurd or harsh consequence, and so an interpretation avoiding absurdity is always to be preferred.'" Daugherty v. Town of Silverhill, 672 So.2d 813, 816 (Ala.Crim.App.1995) (quoting 1A C. Sands, Sutherland Statutory Construction § 23.06 (4th ed.1972) (emphasis omitted)).
Section 12-15-34.1 provides, in pertinent part:
"(a) Notwithstanding any other provision of law, any person who has attained the age of 16 years at the time of the conduct charged and who is charged with the commission of any act or conduct, which if committed by an adult would constitute any of the following, shall not be subject to the jurisdiction of *576 juvenile court [sic] but shall be charged, arrested, and tried as an adult:

"(1) A capital offense.
"(2) A Class A felony.
"(3) A felony which has as an element thereof the use of a deadly weapon.
"(4) A felony which has as an element thereof the causing of death or serious physical injury."
(Emphasis supplied.)
The language of this statute could not be clearer: anyone over the age of 16 who commits any of the listed offenses is to be treated as an adult; that person shall be removed from the jurisdiction of the juvenile court. The language of the statute plainly excludes juveniles 16 and older from the definition of a "child," by stating that they are to be treated as adults. In my opinion, the Court of Criminal Appeals' holdingthat the fact that the statute provides that the juvenile is to be treated as an adult does not mean that he was divested of the protections afforded by Rule 11(B), Ala.R.Juv.P.is incorrect. That holding creates a new category of criminal defendant, one who is neither wholly a "child" nor entirely an "adult." Certainly, this could not have been what the Legislature intended when it enacted § 12-15-34.1.
In its decision in this case, the Court of Criminal Appeals relied on this Court's decisions in Ex parte Jackson, 564 So.2d 891 (Ala.1990), and Ex parte Whisenant, 466 So.2d 1006 (Ala.1985). Its reliance was misplaced. Both of those cases were decided before the Legislature enacted § 12-15-34.1. When those cases were decided, the only method by which juvenile defendants could be tried as adults in the circuit court was by way of a transfer hearing in the juvenile court, as provided for in § 12-15-34. Because every juvenile defendant's case originated in the juvenile court, Rule 11(B) was applicable to the initial encounters between the juveniles and the law-enforcement officers in Jackson and Whisenant.
By contrast, § 12-15-34.1 prevents an entire category of juvenile defendants from ever encountering the juvenile-court system. Because none of the proceedings against Wimberly took place in the juvenile court, the Alabama Rules of Juvenile Procedure have no application to him. See Rule 1, Ala.R.Juv.P. ("These rules govern the procedure for all matters in the juvenile court."). The Court of Criminal Appeals' interpretation of § 12-15-34.1 was not a rational one.
There may be strong policy arguments in favor of requiring that juveniles removed from the jurisdiction of the juvenile court pursuant to § 12-15-34.1 be advised of the rights enumerated in Rule 11(B), Ala.R.Juv.P. See Anderson, 729 So.2d at 904. However, it is not the province of this Court to make policy. Our function is to interpret the law. Art. III, § 43, Alabama Constitution of 1901, states:
"In the government of this state, except in the instances in this Constitution hereinafter expressly directed or permitted, the legislative department shall never exercise the executive and judicial powers, or either of them; the executive shall never exercise the legislative and judicial powers, or either of them; the judicial shall never exercise the legislative and executive powers, or either of them; to the end that it may be a government of laws and not of men."
"Courts, above all others, are charged with a very sacred duty not to encroach upon the domain of other departments of government under our constitutional system of government." Hendrix v. Creel, 292 Ala. 541, 545, 297 So.2d 364 (1974). As this Court stated in Piggly Wiggly No. 208, Inc. v. Dutton, 601 So.2d 907, 911 (Ala.1992) (quoting Finch v. State, 271 Ala. 499, 503, 124 So.2d 825 (1960)):
"`No branch of the government is so responsible for the autonomy of the several governmental units and branches as the judiciary. Accordingly, we have held that courts cannot and will not interfere *577 with the discretion vested in other units or branches of government.'"
Although in its opinion in this case the Court of Criminal Appeals purported merely to interpret § 12-15-34.1, it actually legislated, by choosing to overlook the clear language of the statute. Courts lack the authority to make policy decisions; that authority has been constitutionally assigned to the executive branch and the legislative branch. I believe the opinion of the Court of Criminal Appeals sets a dangerous precedent by disregarding the clarity of the language at § 12-15-34.1 and giving that language a somewhat tortured interpretation.
Accordingly, I would grant the State's petition and reverse the judgment of the Court of Criminal Appeals, a judgment based on an erroneous holding that the police officer's failure to advise Wimberly of his rights under Rule 11(B), Ala.R.Juv. P., constituted reversible error. Under the circumstances of this case, the ordinary Miranda warnings traditionally given an adult were sufficient.
NOTES
[*] Note from the reporter of decisions: This opinion was released by the Supreme Court under the date January 28, 2000. The case was actually released to the public on January 27, 2000.