I dissent from the majority's ludicrous and outrageous opinion because, for several reasons and contrary to its assertion, that opinion does not "comport with constitutional principles." 830 So.2d at 721.
First, the State correctly argues that the record does not indicate that the appellant filed a notice of appeal from the denial of her Rule 32 petition. Rule 4(b)(1), Ala.R.App.P., requires that a notice of appeal in a criminal case be filed within 42 days after pronouncement of sentence. "In the context of post-conviction relief, the 42-day appeal period runs from the date of the trial court's denial of the Rule 32 petition." Ex parte Jones, 773 So.2d 989, 989 (Ala. 1998). "An appealshall be dismissed if the notice of appeal was not timely filed to invoke the jurisdiction of the appellate court." Rule 2(a)(1), Ala.R.App.P. (emphasis added). In this case, because the appellant did not file a notice of appeal from the denial of her Rule 32 petition, the record from that proceeding and issues related to that proceeding are not properly before this court.
Second, the appellant did not properly preserve for appellate reviewduring the trial proceedings her argument that her mandatory sentence of imprisonment for life without the possibility of parole constitutes cruel and unusual punishment. The record of the trial proceedings does not indicate that the appellant ever raised the argument that her sentence constitutes cruel and unusual punishment. Because she did not first present this argument to the trial court at sentencing or in an appropriate post-judgment motion, she did not preserve it for appellate review. See Perry v. State, 741 So.2d 467 (Ala.Crim.App. 1999);Worthington v. State, 652 So.2d 790 (Ala.Crim.App. 1994).
The majority erroneously states that the appellant's argument is properly before this court because it "is before us, not in the typical procedural posture, but in a procedural sequence which has been sanctioned by this Court." 830 So.2d at 769. That statement is misleading for two reasons. First, one judge, rather than a majority of the court, unilaterally made the decision to stay the appeal and remand the case to allow the circuit court to dispose of the appellant's Rule 32 petition. Second, even if a majority of this court had agreed to stay the direct appeal proceedings and remand this case, presenting evidence during the Rule 32 proceedings to establish that the appellant preserved the issue for review on direct appeal and to support her proportionality argument was not appropriate. "The purpose of a post-conviction petition is not to retry a case. Neither is a post-conviction petition a substitute for an appeal, `nor does it afford one an additional, de facto, appeal.' Ex parteWilliams, 651 So.2d 569, 572 (Ala.), on remand, 651 So.2d 573
(Ala.Cr.App.), after remand, 659 So.2d 972 (Ala.Cr.App. 1994)." Ex parteLand, 775 So.2d 840 (Ala.Crim.App. 1998). Nevertheless, the majority finds that this issue is properly before this court and bases its entire proportionality review upon evidence presented during the Rule 32 proceedings. Rule 32 counsel, one of whom is a former appellate court judge, and the retired circuit judge, who submitted an affidavit regarding preservation of the issue, certainly knew that this was not an appropriate method for preserving an issue for review on direct appeal.
Furthermore, even if the procedure was appropriate, I still question whether the evidence established that the appellant preserved this argument for *Page 785 
appellate review. In his affidavit, J. Richmond Pearson, the circuit judge who tried the appellant's case, stated that, before the sentencinghearing, the appellant challenged the constitutionality of §13A-12-231(3)d., Ala. Code 1975, and argued that a sentence of imprisonment for life without the possibility of parole violated the Eighth Amendment prohibition against cruel and unusual punishment. However, he does not indicate that the appellant objected after heimposed her sentence. Therefore, I question whether the appellant's alleged objections would have been sufficient, if they had been included in the direct appeal record, to preserve this argument for appellate review. What kind of precedent are we setting in this case? Will convicted defendants now be able to file Rule 32 petitions and use Rule 32 proceedings to preserve issues they neglected to preserve during their trials? This is a dangerous position for this court to take, and, likeBarnes, infra, will no doubt lead to confusion, abuse, and inconsistencies.
Third, even if the appellant had preserved her argument for appellate review, it is without merit. This court has repeatedly stated that "[we] will not disturb a sentence on appeal where the trial court imposes a sentence within the statutory range. Brown v. State, 611 So.2d 1194, 1198
(Ala.Cr.App. 1992)." Sinkfield v. State, 669 So.2d 1026, 1028
(Ala.Crim.App. 1995). The appellant's sentence complies with the sentencing provisions of § 13A-12-231(3)d., Ala. Code 1975, which were established by the Legislature. Although the sentence may not seem fair,
 "it is not the province of this Court to make policy. Our function is to interpret the law. Art. III, § 43, Alabama Constitution of 1901, states:
 "`In the government of this state, except in the instances in this Constitution hereinafter expressly directed or permitted, the legislative department shall never exercise the executive and judicial powers, or either of them; the executive shall never exercise the legislative and judicial powers, or either of them; the judicial shall never exercise the legislative and executive powers, or either of them; to the end that it may be a government of laws and not of men.'
 "`Courts, above all others, are charged with a very sacred duty not to encroach upon the domain of other departments of government under our constitutional system of government.' Hendrix v. Creel, 292 Ala. 541, 545, 297 So.2d 364 (1974). As the Alabama Supreme Court stated in Piggly Wiggly No. 208, Inc. v. Dutton, 601 So.2d 907, 911 (Ala. 1992):
 "`"No branch of the government is so responsible for the autonomy of the several governmental units and branches as the judiciary. Accordingly, we have held that courts cannot and will not interfere with the discretion vested in other units or branches of government."'
 "Quoting Finch v. State, 271 Ala. 499, 503, 124 So.2d 825
(1960)."
Little v. State, 739 So.2d 539, 545 (Ala.Crim.App. 1998) (Brown, J., dissenting). See also Wimberly v. State, 759 So.2d 574, 576-77 (Ala. 2000) (Brown, J., dissenting); Young v. State, 730 So.2d 1251, 1259
(Ala.Crim.App. 1998) (Brown, J., dissenting). Accordingly, even if the appellant had preserved this argument for our review, we should not second-guess the Legislature and disturb her sentence.
Finally, this court should take this opportunity to overrule Barnes v.State, 621 So.2d 329 (Ala.Crim.App. 1992), to the extent it holds that an appellate court may stay proceedings on direct appeal if a Rule *Page 786 
32 petition is filed while the direct appeal is pending. Barnes distorted and misinterpreted the plain language of Rule 32.6(c), Ala.R.Crim.P., and this case clearly demonstrates the confusion, abuse, and inconsistencies that frequently occur when a direct appeal is stayed pending the outcome of a Rule 32 proceeding in the circuit court. See also J.W. v. State,814 So.2d 997 (Ala.Crim.App. 2001).
This is a case in which a decision was reached, and a way to justify that decision was contrived afterward. When this case was originally submitted to this court on October 30, 1998, the only issue the appellant argued was that her sentence constituted cruel and unusual punishment. In response, the State argued that the appellant had not preserved the issue for appellate review because she had not first presented it to the trial court. Rather than holding that the appellant had not preserved the issue for appellate review, the direct appeal was stayed, jurisdiction was transferred to the circuit court, and the appellant was, following the majority's logic, given a second chance to preserve the issue for appellate review through the Rule 32 proceedings. However, in the order transferring jurisdiction to the circuit court, procedural rules were again ignored. In their "Motion to Remand," the attorneys for the appellant alleged that "the Jefferson County Circuit Clerk's office stamped Appellant's petition as having been filed on September 16, 1998, but refused to accept a copy of the petition and failed to send a copy of the petition to this Court." In an order authorized by one judge on this court and dated November 17, 1998, the circuit clerk was instructed to "docket the [petition] as having been filed on September 16, 1998, unless the circuit clerk files an affidavit with this Court refuting the appellant's allegations regarding her initial attempt to file her petition." In a case action summary sheet entry dated November 23, 1998, the acting duty judge noted that the appellant had presented his petition on September 16, 1998. However, the judge further noted that "noaffidavit of indigency or filing fee accompanied said petition asrequired by said Rule and said petition was never docketed but was returned to [the appellant's attorney]." (S.C.R.1 33) (emphasis added). Nevertheless, the circuit judge reviewed its file, declared the appellant indigent for purposes of filing the petition, and accepted the petition. As Justice Houston cautioned in his dissent in Butler v. Alabama JudicialInquiry Commission, 802 So.2d 207, 226 (Ala. 2001), "To begin with the end in mind . . . is something a judge should not do in the process of judging, except in the most extraordinary cases." This is not one of those most extraordinary cases because the appellant's sole argument was clearly not properly before this court when she filed her direct appeal.
The majority has bent over backward to reverse the appellant's sentence because it does not seem to be fair. Although I am sympathetic to the appellant's plight, her remedy is not with this court.[18] We are a court of law rather than a court of equity, and we cannot ignore the law and make our decisions based on emotion. When I became a judge, I took an oath to uphold the law, and I have made a practice of deciding cases based on the law rather than emotion. Because the majority opinion in this case does not follow the law, I am compelled to dissent.
[18] However, she may be eligible to request and receive a pardon from the appropriate authority. *Page 787