Tedo Meyon Jackson was convicted of first-degree theft and third-degree burglary in connection with the theft of an automobile. The Court of Criminal Appeals affirmed the conviction. 550 So.2d 1090. We issued a writ of certiorari to address one issue:
 "Whether an 18-year-old defendant's confession should be suppressed when he *Page 892 
is not told of his right, guaranteed by law, to consult with his parents, and later it is determined that he should be tried as an adult."
At night, on March 21, 1988, Jackson allegedly broke out a window at Chuck Hutton Chevrolet, stole the keys to a 1985 Chevrolet S-10 Blazer vehicle, and then took the Blazer. The next morning he was taken into custody by the Birmingham police, who interrogated him. Officer Larry Fowler testified that he read to Jackson the following statement regarding his constitutional rights:
 "You have the right to remain silent. Anything you say can and will be used against you in a court of law. You have the right to talk to a lawyer and have him present with you while you are being questioned. If you cannot afford to have a lawyer, one will be appointed to represent you before any questioning, if you wish. If you wish to answer questions now without a lawyer present you still have the right to stop answering at any time. It is not necessary that you answer questions posed by a detective or any other Birmingham Police Department official prior to having bond set by the court."
After Fowler read Jackson that statement of his rights, Jackson wrote the following on a form for waiver of those rights:
 "About 11:00 p.m. I went to Chuck Hutton Chevrolet and knocked the window out an [sic] stole the keys and took the car."
Jackson signed that statement. He also signed a document prepared by Fowler entitled "Statement of Tedo Jackson," which provided a somewhat more complete narrative.
Before the trial of the cases, Jackson moved to suppress both statements. At the hearing on that motion, Fowler testified that when he interrogated Jackson, he thought Jackson was 18 or 19 and that he did not offer to call Jackson's parents or grandparents. He also stated that he read to Jackson the statement of rights given earlier. The trial court denied Jackson's motion to suppress, denied his motion for youthful offender status, and determined that Jackson was to be tried as an adult.
Rule 11, Alabama Rules of Juvenile Procedure, states, in pertinent part:
 "(A) When the child is taken into custody, he must be informed of the following rights by the person taking him into custody:
"(1) That he has the right to counsel;
 "(2) That if he is unable to pay a lawyer and if his parents or guardian have not provided a lawyer, one can be provided at no charge;
 "(3) That he is not required to say anything and that anything he says may be used against him; and
 "(4) If his counsel, parent, or guardian is not present, that he has a right to communicate with them, and that, if necessary, reasonable means will be provided for him to do so."
The record and Officer Fowler's testimony indicates that Jackson was not informed that he had the right to communicate with his parent or guardian and that reasonable means would be provided for him to do so, as Rule 11(A)(4) requires.
In Ex parte Whisenant, 466 So.2d 1006 (Ala. 1985), the Court addressed the admissibility of a confession given when the defendant, a juvenile, had not been informed of his rights pursuant to Rule 11(A)(4). Darrell Whisenant, a juvenile, was taken into custody in connection with a murder investigation. Whisenant made oral and written statements implicating himself in the crimes, but he was not informed of his rights pursuant to Rule 11(A)(4). The Court first noted that Rule 11(A)(1), (2), and (3), taken together, are substantially the same as the warnings required by Miranda v. Arizona, 384 U.S. 436,86 S.Ct. 1602, 16 L.Ed.2d 694 (1966), and that by virtue of its adoption of Rule 11(A)(4), this Court had provided an additional warning for the protection of juveniles. 466 So.2d at 1007. The Court noted that both the Fifth Amendment to the United States Constitution and Art. 1, § 6, Ala. Const. 1901, grant the right not to be compelled *Page 893 
to give evidence against oneself. Id. These protections against self-incrimination carry with them the traditional exclusionary rule, and that exclusionary rule is applicable to all the provisions of Rule 11(A). Id. The Court stated:
 "[W]e are talking about evidence in the form of an inculpatory statement of the accused, the admission of which is violative of his constitutional right to remain silent, unless he has first been advised of that right, as implemented by statutes, case law, and rules of court, and, upon being so advised, has voluntarily waived that fundamental right. . . ."
The Court held: "If any one or more [of the Rule 11(A)] warnings are omitted, the use in evidence of any statement given by the child is constitutionally proscribed." 466 So.2d at 1007.
Jackson argues that under Whisenant his motion to suppress is due to be granted, because Fowler did not inform him of his rights pursuant to Rule 11(A)(4), as Whisenant requires. Jackson argues that he should have been informed of his right to consult with his parents even though he might later be tried as an adult, and that his confession should have been suppressed. The State argues that the trial court's determination that Jackson was to be tried as an adult cures the error committed by Fowler in failing to inform Jackson of his constitutional rights as a juvenile.
We agree with Jackson that the alleged confessions are due to be suppressed. As in Whisenant, the evidence in this case is an inculpatory statement of the accused, the admission of which is violative of his constitutional right to remain silent, unless he had first been advised of that right. 466 So.2d at 1007. An individual with the right to remain silent has the right to remain silent without regard to whether an officer has told him of that right. Ex parte Marek, 556 So.2d 375, 382 (Ala. 1989). Accordingly, the trial court's determination that Jackson was to be tried as an adult did not cure the error made by Fowler in failing to advise Jackson of his constitutional rights as a juvenile. Public policy, in addition to the constitutional requirements, supports this holding.
The judgment of the Court of Criminal Appeals is due to be reversed and the cause remanded.
REVERSED AND REMANDED.
HORNSBY, C.J., and MADDOX, JONES, SHORES, HOUSTON, STEAGALL and KENNEDY, JJ., concur.