The appellant, Kenneth Lee Price, appeals his conviction for murder, a violation of § 13A-6-2, Code of Alabama 1975. He was sentenced to 20 years' imprisonment.
 I
The appellant argues that the trial court erred in denying his motion to dismiss the indictment because, he says, § 12-15-34.1, Code of Alabama 1975, under which he was charged, is unconstitutional. He argues that that section violates both equal protection rights and his right to due process of law.
Section 12-15-34.1, Code of Alabama 1975, provides, in pertinent part:
 "(a) Notwithstanding any other provision of law, any person who has attained the age of 16 years at the time of the conduct charged and who is charged with the commission of any act or conduct, which if committed by an adult would constitute any of the following, shall not be subject to the jurisdiction of juvenile court but shall be charged, arrested, and tried as an adult:
"(1) A capital offense.
"(2) A Class A felony. *Page 45 
 "(3) A felony which has an element thereof the use of deadly weapon.
 "(4) A felony which has an element thereof the causing of death or serious physical injury."
(Emphasis added.)
Because the appellant had obtained the age of 16 years and was charged with committing a Class A felony, he was charged under § 12-15-34.1, Code of Alabama 1975. Such a legislative classification is scrutinized under the "rational review" standard. Because the section has a rational basis relating to a legitimate governmental interest, i.e., retribution for serious crimes in addition to having the deterrent effect that facing an adult trial would have on juveniles, it does not violate the appellant's equal protection rights. Cf. Ex parteHarrell, 470 So.2d 1309, 1317 (Ala. 1985); cf. Hardy v. State,576 So.2d 685 (Ala.Cr.App. 1991) (statute imposing harsher punishment on subclass of persons who sell drugs within one mile of school than on general class of drug traffickers did not violate equal protection.)
The appellant argues that the statute violates his equal protection rights because, he says, it allows the arresting officer and the prosecutor to determine whether he is tried as a juvenile or adult. However, because the requirements of § 12-15-34.1 are compulsory, the appellant's argument must fail.Hardy, supra.
Additionally, the appellant argues that he was denied due process of law because § 12-15-34.1 is vague and overbroad and fails to consider the accused's background, education, and prior criminal record, if any.
With regard to the appellant's vagueness claim, because the language contained in § 12-15-34.1 is plain and unambiguous, this court must give effect to the legislature's intent as expressed in those words. See M.C. v. State, 600 So.2d 387
(Ala.Cr.App. 1991). Apparently, the legislature believed that the enactment of a statute, which excludes from the preferred treatment of the juvenile system juveniles 16 years of age and older who commit the enunciated crimes and thereby subjects them to prosecution as an adult, was necessary to punish, treat, and/or rehabilitate them.
The record further indicates that the appellant failed to argue that he did not receive notice of the charges against him or that he was denied an opportunity to be heard before entering his guilty plea. Thus, the appellant did not have a constitutional right to a hearing in juvenile court regarding his prior record and the possibility of rehabilitation in the juvenile system. See Cagle v. State, 504 So.2d 1225, 1226
(Ala.Cr.App. 1987) ("constitutional issues must be raised at trial before they can be considered by this court").
AFFIRMED.
All judges concur.