I must respectfully dissent from the majority opinion reversing the appellant's felony-murder conviction based on the police officer's failure to advise Little of his rights under Rule 11(B), Ala.R.Juv.P., the "juvenile Miranda" rights.
The majority's decision is based on Anderson v. State, [Ms. CR-95-0768, May 8, 1998] 729 So.2d 900 (Ala.Cr.App. 1998), and Young v. State, [Ms. CR-95-2195, October 2, 1998] 730 So.2d 1251
(Ala.Cr.App. 1998), and it quotes the following language from Anderson:
 "We find nothing in the language of § 12-15-34.1, Ala. Code 1975, to support the state's contention that the rights granted a child pursuant to Rule 11(B) are extinguished by the fact that a child alleged to have committed an offense enumerated in that statute `shall be charged, arrested, and tried as an adult' and automatically subjected the jurisdiction of the adult system. While § 12-15-34.1 clearly modifies the jurisdiction of the juvenile court and divests a child accused of committing a serious offense *Page 544 
of the right to a transfer hearing in the juvenile court, see Price v. State, 683 So.2d 44 (Ala.Cr.App. 1994), it does not modify the statutory definition of the term `child' and does not, by its terms, divest the child of the protections afforded by Rule 11(B). If the legislature, when enacting § 12-15-34.1, had intended to exclude from the statutory definition of `child' juveniles 16 years of age or older at the time of committing an offense enumerated in the statute, we may presume that it would have done so. It did not."
729 So.2d at 903-04.
Upon further examination of § 12-15-34.1, Code of Alabama 1975, I believe that the legislature intended to withdraw from those persons falling within the purview of the statute all protections traditionally afforded a "child." "It is a `well established principle of statutory interpretation that the law favors rational and sensible construction.'" King v. State,674 So.2d 1381, 1383 (Ala.Cr.App. 1995) (quoting 2A Norman J. Singer, Sutherland Statutory Construction § 45.12 (5th ed. 1992)). Moreover, "`[t]he courts will not ascribe to the legislature an intent to create an absurd or harsh consequence, and so an interpretation avoiding absurdity is always to be preferred.'" Daugherty v. Town of Silverhill, 672 So.2d 813, 816 (Ala.Cr.App. 1995) (quoting 1A C. Sands, Sutherland Statutory Construction § 23.06 (4th ed. 1972) (emphasis omitted)).
Section 12-15-34.1 provides, in pertinent part:
 "(a) Notwithstanding any other provision of law, any person who has attained the age of 16 years at the time of the conduct charged and who is charged with the commission of any act or conduct, which if committed by an adult would constitute any of the following, shall not be subject to the jurisdiction of juvenile court but shall be charged, arrested, and tried as an adult:
"(1) A capital offense.
"(2) A Class A felony.
 "(3) A felony which has as an element thereof the use of a deadly weapon.
 "(4) A felony which has as an element thereof the causing of death or serious physical injury.
". . . ."
(Emphasis supplied.)
The language of the statute could not be clearer: anyone over the age of 16 who commits any of the listed offenses is to be treated as an adult; that person shall be removed from the jurisdiction of the juvenile court. The language of the statute plainly excludes juveniles 16 and older from the definition of a "child" by stating that they are to be treated as adults. In my opinion, this Court's holding that the fact that the statute provides that the juvenile is to be treated as an adult does not mean that he was divested of the protections afforded by Rule 11(B), Ala.R.Juv.P., amounts to sophistry. That holding creates a new category of criminal defendant, one who is neither wholly a "child" nor entirely an "adult." Certainly, this could not have been what the legislature intended when it enacted § 12-15-34.1.
I believe this Court's reliance on the Alabama Supreme Court's decisions in Ex parte Jackson, 564 So.2d 891 (Ala. 1990), and Ex parte Whisenant, 466 So.2d 1006 (Ala. 1985), is misplaced. As the state correctly points out, both of those cases were decided before the enactment of § 12-15-34.1. At that time, the only method by which juvenile defendants could be tried as adults in circuit court was by way of a transfer hearing in the juvenile court, as provided in § 12-15-34. Because every juvenile defendant's case originated in juvenile court, Rule 11(B) was therefore applicable to the initial encounters between the juveniles and the law enforcement officers in Jackson and Whisenant.
By contrast, § 12-15-34.1 prevents an entire category of juvenile defendants from ever encountering the juvenile court system. Because none of the proceedings *Page 545 
against the appellant in these cases took place in juvenile court, the Alabama Rules of Juvenile Procedure have no application. See Rule 1, Ala.R.Juv.P. ("These rules govern the procedure for all matters in the juvenile court.") This Court's original interpretation of § 12-15-34.1 was neither rational nor sensible.
There may be strong policy arguments in favor of requiring that juveniles removed from the jurisdiction of the juvenile court pursuant to § 12-15-34.1 be advised of the rights enumerated in Rule 11(B), Ala.R.Juv.P. See Anderson, 729 So.2d at 902. However, it is not the province of this Court to make policy. Our function is to interpret the law. Art. III, § 43, Alabama Constitution of 1901, states:
 "In the government of this state, except in the instances in this Constitution hereinafter expressly directed or permitted, the legislative department shall never exercise the executive and judicial powers, or either of them; the executive shall never exercise the legislative and judicial powers, or either of them; the judicial shall never exercise the legislative and executive powers, or either of them; to the end that it may be a government of laws and not of men."
"Courts, above all others, are charged with a very sacred duty not to encroach upon the domain of other departments of government under our constitutional system of government." Hendrix v. Creel,292 Ala. 541, 545, 297 So.2d 364 (1974). As the Alabama Supreme Court stated in Piggly Wiggly No. 208, Inc. v. Dutton,601 So.2d 907, 911 (Ala. 1992):
 "`No branch of the government is so responsible for the autonomy of the several governmental units and branches as the judiciary. Accordingly, we have held that courts cannot and will not interfere with the discretion vested in other units or branches of government.'"
Quoting Finch v. State, 271 Ala. 499, 503, 124 So.2d 825 (1960).
Although the majority opinion purports merely to interpret § 12-15-34.1, it actually legislates, by choosing to overlook the express language of the statute. Courts lack the legislative authority to make policy decisions; that authority has been constitutionally assigned to the executive branch and the legislative branch. I believe that the opinion sets a dangerous precedent by disregarding the clear language of § 12-15-34.1, and replacing it with a somewhat tortured interpretation.
Accordingly, I would affirm the appellant's conviction for felony murder. In addition, although the majority's decision never reaches the issue of the sufficiency of the evidence on which the appellant was convicted of first-degree robbery, I would also affirm the appellant's conviction for first-degree robbery.