734 So.2d 371 (1999)
STATE of Alabama
v.
Ricky BANKS.
CR-98-0167.
Court of Criminal Appeals of Alabama.
March 26, 1999.
Bill Pryor, atty. gen., and Thomas F. Parker IV, asst. atty. gen., for appellant.
William A. Lisenby, Jr., Lafayette; and Nicholas Heath Wooten, Lafayette, for appellee.
COBB, Judge.
The State appeals from the trial court's order suppressing a statement from defendant Ricky Banks. The trial court suppressed the statement because, at the time of his arrest, Banks was 17 years old, and he was not advised of his juvenile-Miranda rights before the custodial interrogation that resulted in the statement, as required by Rule 11(B), Ala.R.Juv.P. The trial court suppressed Banks's statement based on Anderson v. State, 729 So.2d 900 (Ala.Cr.App.1998), and Young v. State, 730 So.2d 1251 (Ala.Cr.App.1998). Banks was charged with first-degree robbery, see § 13A-8-41, Ala.Code 1975, a Class A felony, and first-degree burglary, see § 137-5, Ala.Code 1975, also a Class A felony.
*372 At a suppression hearing on October 9, 1998, the State called Maj. Ronald Docimo, an investigator with the Valley Police Department, as a witness. Maj. Docimo testified that, as part of an investigation into a robbery and a burglary, he interviewed Ricky Banks several times. On the first occasion, Maj. Docimo interviewed Banks at the Valley Police Department on June 9, 1998. Banks was not under arrest at the time of that interview. Maj. Docimo testified that not only was Banks advised of his juvenile-Miranda rights before that interview, but his mother was also present. At this interview Banks denied any knowledge of the robbery and the burglary. Later that same day, Maj. Docimo received a telephone call from Banks's mother. She told him that she had gathered all the young people suspected of being involved in the robbery and that she wanted him to talk to them. Maj. Docimo went to the Banks's home and after advising Banks of his juvenile-Miranda rights, took an exculpatory statement from him. Ms. Banks was also present on that occasion. By June 12, 1998, one of the other youths suspected in the robbery had made a statement implicating Banks in the robbery. That day, an arrest warrant was sworn out against Banks, charging him with first-degree robbery. Banks was arrested, booked on a charge of first-degree robbery, and incarcerated. Later that day, after Banks had been arrested and incarcerated, Maj. Docimo again interviewed Banks at the police station. This time, Maj. Docimo advised Banks of his Miranda rights before the interview, but he did not advise him of his juvenile-Miranda rights. Banks waived his rights and ultimately gave an inculpatory statement. When asked why he did not advise Banks of his juvenile-Miranda rights after he had done so twice previously, Maj. Docimo responded:
"At the time he was arrested, I used the adult Miranda warning because he was arrested under adult charges. It was an error on my part."
(R. 16.)
An appeal to the Court of Criminal Appeals may be taken by the State from a pre-trial order of the circuit court suppressing a confession or admission in a felony case, upon a certification by the district attorney that the appeal was not brought for the purpose of delay and that the order, if not reversed on appeal, was fatal to the prosecution of the charge. Rule 15.7, Ala.R.Crim.P. In reviewing decisions of a trial court concerning a suppression of evidence, we apply a de novo standard of review when the evidence is not in dispute. State v. Hill, 690 So.2d 1201, 1203 (Ala.1996). Because the evidence is undisputed, and the only quarrel is with the application of the law to the facts, we will review the evidence de novo, "indulging no presumption in favor of the trial court's application of the law to those facts." Stiles v. Brown, 380 So.2d 792, 794 (Ala.1980) (citations omitted). The trial court's ruling in this case was based upon its conscientious interpretation of this court's decisions in Anderson v. State, supra, and Young v. State, supra, as applied to undisputed facts[1]; the proper interpretation is a question of law. State v. Hill, 690 So.2d at 1204.
Section 12-15-34.1(a), Ala.Code 1975, states, in pertinent part:
"Notwithstanding any other provision of law, any person who has attained the age of 16 years at the time of the conduct charged and who is charged with the commission of any act or conduct, which if committed by an adult would constitute [a Class A felony] shall not be subject to the jurisdiction of juvenile court but shall be charged, arrested, and tried as an adult ..."
In Anderson, this court held that there was nothing in the language of § 12-15-34.1, *373 Ala.Code 1975, to support a contention that the juvenile-Miranda rights granted a child pursuant to Rule 11(B), Ala.R.Juv.P., are extinguished by the fact that a child was alleged to have committed one of the offenses enumerated in the statute. We noted that the language of § 12-15-34.1 did not divest a child of the protections afforded by Rule 11(B), nor did it change the statutory definition of "child." In Young, this court further held that, in applying the holding in Anderson, we would not burden a police investigator with having to decide whether a child should be treated as an adult or should be afforded his or her juvenile rights. We held that if the custodial interrogation was conducted before an arrest or formal charging for an offense enumerated in § 12-15-34.1, the juvenile-Miranda rights under Rule 11(B) should be afforded to the child. This court stated,
"[Section 12-15-34.1, Ala.Code 1975,] does not state that a juvenile loses the right to be treated as a juvenile when an offense is alleged to have been committed, but when he or she is charged with one of the offenses enumerated in [§ 12-15-34.1.] In other words, the dissent incorrectly states that `[t]he language of the statute could not be clearer: anyone over 16 who commits any of the listed felony offenses is to be treated as an adult.' In fact, the language of this statute actually means that a person 16 years of age or older who is charged with any of the serious felonies listed is to be treated as an adult."
Young v. State, 730 So.2d 1251 (Ala.Cr.App.1998)(emphasis original).
The record in this case reflects that, before Banks's third interrogation, a formal arrest warrant had been executed, charging Banks with the Class A felony of first-degree robbery. Thus, when Maj. Docimo advised Banks of his Miranda rights at the third interrogation, Banks had been arrested, booked, fingerprinted, and incarcerated on a serious felony charge enumerated in § 12-15-34.1. We hold that after Banks had been served with an arrest warrant for a Class A felony, he and the police were placed on notice that he was being charged with an offense for which, by law, he was to be treated as an adult. This holding is consistent with our holding in Young. We further hold that, under the circumstances of this case, at the point of his arrest for first-degree robbery pursuant to an arrest warrant, Banks lost the privileges and rights afforded juveniles under Rule 11(B), Ala.R.Juv. P., and was rightfully treated as an adult.[2] Therefore, Maj. Docimo did not err when he did not advise Banks of his juvenile-Miranda rights, but rather advised him of his Miranda rights as an adult. The trial court should not have suppressed the admission of Banks's statement on the grounds that he had been deprived of his juvenile-Miranda rights.
The order of the trial court suppressing the admission of Banks's statement dated June 12, 1998, is hereby reversed and the cause is remanded for proceedings consistent with this opinion.
REVERSED AND REMANDED.
McMILLAN and FRY, JJ., concur.
LONG, P.J., dissents with opinion in which BASCHAB, J., joins.
LONG, Presiding Judge, dissenting.
I must respectfully dissent from the majority opinion reversing the trial court's ruling suppressing the admission into evidence of Banks's statement. In Anderson v. State, 729 So.2d 900 (Ala.Cr.App.1998), this court held:
"By its own terms, Rule 11(B) applies where a `child' is taken into custody and questioned by law enforcement authorities. The Alabama Rules of Juvenile *374 Procedure do not define the term `child.' However, that term is defined by statute as `[a]n individual under the age of 18, or under 19 years of age and before the juvenile court for a matter arising before that individual's 18th birthday.' § 12-15-1(3), Ala.Code 1975. The rights set forth in Rule 11(B) belong to any person who is defined by statute as a `child' when taken into custody; those rights are not dependant upon the forum in which the child may ultimately be called upon to answer charges. See Burks v. State, 600 So.2d 374, 378 (Ala. Cr.App.1991).
"We find nothing in the language of § 12-15-34.1 to support the state's contention that the rights granted a child pursuant to Rule 11(B) are extinguished by the fact that a child alleged to have committed an offense enumerated in that statute `shall be charged, arrested, and tried as an adult' and automatically subjected to the jurisdiction of the adult system. While § 12-15-34.1 clearly modifies the jurisdiction of the juvenile court and divests a child accused of committing a serious offense of the right to a transfer hearing in the juvenile court, see Price v. State, 683 So.2d 44 (Ala.Cr. App.1996), it does not modify the statutory definition of the term `child' and does not, by its terms, divest the child of the protections afforded by Rule 11(B). If the legislature, when enacting § 12-15-34.1, had intended to exclude from the statutory definition of `child' juveniles 16 years of age or older at the time of committing an offense enumerated in the statute, we may presume that it would have done so. It did not. See In re D.H., 666 A.2d 462, 478 (D.C.1995) (juvenile's custodial statements were admissible in criminal prosecution where the statute authorizing the United States attorney to charge juvenile age 16 or over as an adult for enumerated serious offenses, D.C.Code § 16-2301(3)(A) (1989 Repl.), specifically provided that an individual charged with such a crime was excluded from the meaning of the term `child').
"The terms `charged, arrested, and tried' as used in § 12-15-34.1 cannot feasibly be viewed as synonyms for `questioned.' In many instances, an investigating officer will not know the charge that will ultimately be filed against a child who is being interrogated. It would be unreasonable, and arguably unworkable, to allow a determination of whether a juvenile has a right to the protections of Rule 11(B) (and whether the juvenile is therefore legally `a child') to be settled only after the juvenile has been interrogated and then charged with a specific offense. Indeed, Rule 11(B) specifically applies before any questioning takes place. Moreover, under the construction of § 12-15-34.1 urged by the state, where the police have obtained a juvenile's statement without informing the juvenile of his or her right to communicate with a parent or guardian, a prosecutor faced with deciding what charges to pursue against the juvenile is forced to file charges in the circuit court alleging an enumerated serious offense or else risk suppression of the statement in juvenile court for noncompliance with Rule 11(B). Thus, there may be a subtle inducement for prosecutors to `overcharge' juveniles. The state's construction would also directly contradict Ex parte Jackson [564 So.2d 891 (Ala.1990)], which counsels that an ultimate determination that a juvenile is to be tried as an adult has no bearing on the admissibility of a custodial statement obtained in violation of Rule 11(B). As we have indicated, our courts have consistently recognized that a juvenile `carries' certain rights as a child even after the juvenile has become subject to the procedures and penalties prescribed for adults. See Ex parte Jackson, 564 So.2d 891; Smith [v. State], 623 So.2d 369 [(Ala.Cr.App. 1992)]; and Weaver [v. State] 710 So.2d 480 [(Ala.Cr.App.1997)]."
729 So.2d at 900.
Banks was, by statutory definition, a "child" when he gave the inculpatory statement *375 during the interview at the police station. Thus, even though he had been arrested, booked, fingerprinted, and incarcerated on a serious felony charge enumerated in § 12-15-34.1, he was, as a "child," nonetheless entitled to be informed before making any statement that he had a right to communicate with his parent or guardian, as provided in Rule 11(B)(4), Ala. R.Juv.P. He had this right despite, and independent of, the fact that he had been charged with an offense for which, by law, he was to be "charged, arrested, and tried as an adult." As this court stated in Young v. State, 730 So.2d 1251 (Ala.Cr. App.1998): "If the Legislature had wanted children to be `interrogated' as adults, it could have included the word `interrogated' immediately before the words `charged, arrested, and tried as an adult' [in § 12-15-34.1]."
I would find that because Banks was not informed that he had a right to communicate with his parent or guardian as provided in Rule 11(B)(4), the trial court correctly suppressed the admission of Banks's statement. Accordingly, I respectfully dissent.
NOTES
[1] We note that the trial judge was faced with a case of first impression in applying our holdings in Anderson and Young. We commend the trial judge for his careful analysis of our decisions and his decision to cautiously apply them to this situation.
[2] Because § 12-15-34.1(a), Ala.Code 1975, applies to any 16-year-old or 17-year-old youth "who is charged with the commission of any act or conduct" enumerated in the statute, it would seem this same rationale would apply where a police officer had made a warrantless arrest of a 16- or 17-year-old suspect for an offense enumerated in the statute.