I must respectfully dissent from the majority opinion reversing the trial court's ruling suppressing the admission into evidence of Banks's statement. In Anderson v. State, [Ms. CR-95-0768, May 8, 1998] 729 So.2d 900 (Ala.Cr.App. 1998), this court held:
 "By its own terms, Rule 11(B) applies where a `child' is taken into custody and questioned by law enforcement authorities. The Alabama Rules of Juvenile *Page 374 
Procedure do not define the term `child.' However, that term is defined by statute as `[a]n individual under the age of 18, or under 19 years of age and before the juvenile court for a matter arising before that individual's 18th birthday.' § 12-15-1(3), Ala. Code 1975. The rights set forth in Rule 11(B) belong to any person who is defined by statute as a `child' when taken into custody; those rights are not dependant upon the forum in which the child may ultimately be called upon to answer charges. See Burks v. State, 600 So.2d 374, 378 (Ala.Cr.App. 1991).
 "We find nothing in the language of § 12-15-34.1 to support the state's contention that the rights granted a child pursuant to Rule 11(B) are extinguished by the fact that a child alleged to have committed an offense enumerated in that statute `shall be charged, arrested, and tried as an adult' and automatically subjected to the jurisdiction of the adult system. While § 12-15-34.1 clearly modifies the jurisdiction of the juvenile court and divests a child accused of committing a serious offense of the right to a transfer hearing in the juvenile court, see Price v. State, 683 So.2d 44
(Ala.Cr.App. 1994), it does not modify the statutory definition of the term `child' and does not, by its terms, divest the child of the protections afforded by Rule 11(B). If the legislature, when enacting § 12-15-34.1, had intended to exclude from the statutory definition of `child' juveniles 16 years of age or older at the time of committing an offense enumerated in the statute, we may presume that it would have done so. It did not. See In re D.H., 666 A.2d 462, 478 (D.C. 1995) (juvenile's custodial statements were admissible in criminal prosecution where the statute authorizing the United States attorney to charge juvenile age 16 or over as an adult for enumerated serious offenses, D.C. Code § 16-2301(3)(A) (1989 Repl.), specifically provided that an individual charged with such a crime was excluded from the meaning of the term `child').
 "The terms `charged, arrested, and tried' as used in § 12-15-34.1 cannot feasibly be viewed as synonyms for `questioned.' In many instances, an investigating officer will not know the charge that will ultimately be filed against a child who is being interrogated. It would be unreasonable, and arguably unworkable, to allow a determination of whether a juvenile has a right to the protections of Rule 11(B) (and whether the juvenile is therefore legally `a child') to be settled only after the juvenile has been interrogated and then charged with a specific offense. Indeed, Rule 11(B) specifically applies before any questioning takes place. Moreover, under the construction of § 12-15-34.1 urged by the state, where the police have obtained a juvenile's statement without informing the juvenile of his or her right to communicate with a parent or guardian, a prosecutor faced with deciding what charges to pursue against the juvenile is forced to file charges in the circuit court alleging an enumerated serious offense or else risk suppression of the statement in juvenile court for noncompliance with Rule 11(B). Thus, there may be a subtle inducement for prosecutors to `overcharge' juveniles. The state's construction would also directly contradict Ex parte Jackson [564 So.2d 891 (Ala. 1990)], which counsels that an ultimate determination that a juvenile is to be tried as an adult has no bearing on the admissibility of a custodial statement obtained in violation of Rule 11(B). As we have indicated, our courts have consistently recognized that a juvenile `carries' certain rights as a child even after the juvenile has become subject to the procedures and penalties prescribed for adults. See Ex parte Jackson, 564 So.2d 891; Smith[v. State], 623 So.2d 369
[(Ala.Cr.App. 1992)]; and Weaver [v. State] 710 So.2d 480
[(Ala.Cr.App. 1997)]."
729 So.2d at 900.
Banks was, by statutory definition, a "child" when he gave the inculpatory *Page 375 
statement during the interview at the police station. Thus, even though he had been arrested, booked, fingerprinted, and incarcerated on a serious felony charge enumerated in § 12-15-34.1, he was, as a "child," nonetheless entitled to be informed before making any statement that he had a right to communicate with his parent or guardian, as provided in Rule 11(B)(4), Ala.R.Juv.P. He had this right despite, and independent of, the fact that he had been charged with an offense for which, by law, he was to be "charged, arrested, and tried as an adult." As this court stated in Young v. State, [Ms. CR-95-2195, October 2, 1998] 730 So.2d 1251, (Ala.Cr.App. 1998): "If the Legislature had wanted children to be `interrogated' as adults, it could have included the word `interrogated' immediately before the words `charged, arrested, and tried as an adult' [in § 12-15-34.1]."
I would find that because Banks was not informed that he had a right to communicate with his parent or guardian as provided in Rule 11(B)(4), the trial court correctly suppressed the admission of Banks's statement. Accordingly, I respectfully dissent. *Page 995