KELLUM, Judge.
Dre A. Deramus was arrested and charged with receiving stolen property in the second degree, a violation of § 13A-8-18, Ala.Code 1975. Deramus filed a pretrial motion to suppress statements he made to police during a custodial interrogation. Following a suppression hearing, the circuit court granted Deramus’s motion to suppress on the ground that the statements were obtained in violation of Deramus’s Fifth Amendment rights under Ex parte Jackson, 564 So.2d 891, 893 (Ala.1990). Pursuant to Rule 15.7, Ala. R.Crim. P., the State appeals the circuit court’s order suppressing Deramus’s statements.
The record indicates the following pertinent facts. In 2010, Sgt. Mike Vineyard of the Prattville Police Department was assigned to investigate a home burglary. Sgt. Vineyard’s investigation led him to believe that Deramus was a suspect in selling property stolen during that burgla *309 ry to a local Gamestop video-game store. On June 4, 2010, Deramus was transported to the Prattville Police Department for questioning. While he was in police custody and before questioning him, officers advised Deramus of his constitutional rights, reading the standard adult Miranda[1] warning to Deramus. Deramus then executed a written post-Miranda statement acknowledging that he had sold the stolen goods to Gamestop and alleging the involvement of his codefendant. At the time he committed the crime and at the time he gave his statement, Deramus was 18 years, 8 months, and 5 days old.[2]
The State’s sole contention on appeal is that the circuit court erred in granting Deramus’s motion to suppress his statement to police. Specifically, the State argues that Deramus’s confession should not have been suppressed on the basis that officers failed to administer a juvenile Miranda warning because Deramus was 18 years old at the time of the offense and interrogation. Because Deramus’s case involves only issues of law and the application of the law to undisputed facts, our review is de novo. See, e.g., Ex parte Key, 890 So.2d 1056, 1059 (Ala.2003); State v. Hill, 690 So.2d 1201, 1203-04 (Ala.1996); State v. Otwell, 733 So.2d 950, 952 (Ala.Crim.App.1999).
Initially, we note that in addition to the standard requirements of Miranda, § 12-15-202(b), Ala.Code 1975, has additional protections for children who are subjected to custodial interrogation. Specifically § 12-15-202(b) requires:
“Before the child is questioned about anything concerning the charge on which the child was taken into custody, the person asking the questions shall inform the child of the following rights:
[[Image here]]
“(4) That the child has a right to communicate with his or her parent, legal guardian, or legal custodian, whether or not that person is present. If necessary, reasonable means will be provided for the child to do so.”
Section 12-15-102(3), Ala.Code 1975, defines a child as “an individual under the age of 18 years.” Therefore, in order for a defendant to be entitled to juvenile Miranda rights, he or she must be under 18 years of age.
In Ex parte Jackson, 564 So.2d 891 (Ala.1990), the Alabama Supreme Court stated:
“We issued a writ of certiorari to address one issue:
“ ‘Whether an 18-year-old defendant’s confession should be suppressed when he is not told of his right, guaranteed by law, to consult with his parents, and later it is determined that he should be tried as an adult.’
[[Image here]]
“... The Court held [in Ex parte Whisenant, 466 So.2d 1006 (Ala.1985)]: ‘If any one or more [of the Rule 11(A) Ala. R. Juv. P.] warnings are omitted, the use in evidence of any statement given by the child is constitutionally proscribed.’ 466 So.2d at 1007.
“Jackson argues that under Whisenant his motion to suppress is due to be granted, because [Officer] Fowler did not inform him of his rights pursuant to Rule 11(A)(4), as Whisenant requires. Jackson argues that he should have been informed of his right to consult with his parents even though he might later be tried as an adult, and that his confession should have been suppressed. The State argues that the trial court’s *310 determination that Jackson was to be tried as an adult cures the error committed by Fowler in failing to inform Jackson of his constitutional rights as a juvenile.
“We agree with Jackson that the alleged confessions are due to be suppressed. As in Whisenant, the evidence in this case is an inculpatory statement of the accused, the admission of which is violative of his constitutional right to remain silent, unless he had first been advised of that right. 466 So.2d at 1007. An individual with the right to remain silent has the right to remain silent without regard to whether an officer has told him of that right. Ex parte Marek, 556 So.2d 375, 382 (Ala.1989). Accordingly, the trial court’s determination that Jackson was to be tried as an adult did not cure the error made by Fowler in failing to advise Jackson of his constitutional rights as a juvenile.”
Jackson, 564 So.2d at 891-93.
The Supreme Court’s decision in Ex parte Jackson, however, is inapplicable to the facts in this case. Rather, this Court’s decision in Burks v. State, 600 So.2d 374,(Ala.Crim.App.1991), is more akin to Deramus’s case. In Burks, this Court distinguished Jackson, noting:
“Age was not an issue in Jackson. The only mention of the appellant’s age in the opinion, other than in the specific issue framed by the Supreme Court and quoted above, is found in the statement of the facts that ‘[a]t the hearing on that motion [to suppress], Fowler testified that when he interrogated Jackson, he thought Jackson was 18 or 19.’ Id. at 892.
“This Court takes judicial notice of the record filed in this Court on the direct appeal in Jackson. Jackson’s exact date of birth is not clear from that record, which indicates that it was June 17 of either 1968 or 1969. Depending on which birthdate is used, Jackson was either 19 years, 9 months, and 4 days old or 18 years, 9 months, and 4 days old on the date of the crime (March 21, 1988). The attorney general candidly admits that in Jackson, the State’s briefs filed in the Court of Criminal Appeals and in the Supreme Court failed to address the fact that an 18-year-old is not a child. Apparently, this fact was never presented to, or considered by, either this Court or the Alabama Supreme Court. While this Court is bound by the decisions of the Alabama Supreme Court, we do not interpret Jackson as extending Rule 11 to an 18-year-old or to any person not within the statutory definition of a ‘child’ pursuant to § 12 — 15—1 (3) (b). This Court holds that the appellant was not a ‘child’ at the time of the crime. Therefore, he was not entitled to be advised of his ‘juvenile Miranda rights’ under Rule 11.”
600 So.2d at 377.
Thus, in order for Deramus to be entitled to juvenile Miranda rights, he must have been under the age of 18 years when he was interrogated. Deramus was over the age of 18 both in April 2010 when the crime was committed and 2 months later, in June 2010, when he gave his statement to the police. By statutory definition, Der-amus was not a child. Accordingly, § 12-15-202(b)(4) has no application to this case. See Mitchell v. State, 706 So.2d 787, 801 (Ala.Crim.App.1997) (holding that a defendant was not entitled to the benefits of juvenile Miranda rights because he was 18 years and 6 months old). Therefore, the circuit court erred in suppressing Dera-mus’s confession.
Based upon the foregoing, the judgment of the circuit court is reversed, and this case is remanded for the circuit court to set aside its order suppressing Deramus’s *311 statement and restore Deramus’s case to its active docket.
REVERSED AND REMANDED.
WINDOM, P.J., and WELCH, BURKE, and JOINER, JJ., concur.

. Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).

. Deramus was born on September 30, 1991.